UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-81-B-W |
| | ) | |
| SHERMAN & REILLY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON JOINT MOTION FOR DISMISSAL**

As a settling defendant, which has entered into a *Perringer* Release, Plymouth Foundry is entitled under 14 M.R.S.A. § 156 to be dismissed with prejudice as a party defendant from the pending civil action. Under the same statute, however, the non-settling defendants have a right to discovery against Plymouth Foundry; therefore, pursuant to 14 M.R.S.A. § 156, this Court dismisses Plymouth Foundry with prejudice as a party defendant, but orders Plymouth Foundry to remain subject to discovery.

**I.    Statement of Facts**

On May 31, 2005, Michael Harris filed a complaint in state superior court against Sherman & Reilly, Alaskaug, and Plymouth Foundry, alleging he sustained personal injuries caused by a defective truck winch adapter sold by Sherman & Reilly and manufactured by Alaskaug with metal produced by Plymouth Foundry. (Docket # 1). On June 3, 2005, Sherman & Reilly removed the case to this Court pursuant to 28 U.S.C. § 1332 and 1441. (Docket # 1). On August 9, 2005, Plaintiff Harris and Defendant Plymouth Foundry filed a joint motion pursuant to Fed. R. Civ. P. 41(a)(2) to dismiss Plymouth Foundry with prejudice, because Plaintiff and Plymouth Foundry had reached a settlement and Mr. Harris had executed a *Perringer* Release in favor of

Plymouth Foundry under 14 M.R.S.A. § 156 and 163. (Docket # 19). On August 26, 2005, Sherman & Reilly filed an objection to the Joint Motion to Dismiss to which Alaskaug later joined. (Docket # 21, 22, 23).

Sherman & Reilly did not object to the dismissal of Plymouth Foundry, but raised a concern whether dismissal would "prejudice the discovery rights of Sherman & Reilly against Plymouth Foundry." *Def.'s Mem. In Opp. to Joint Mot. for Dismissal* (Docket # 21). Sherman & Reilly explained that Plymouth Foundry had "manufactured the product in question in an allegedly defective manner, before ultimately selling it to Defendant Alaskaug in the chain of distribution." *Id.*

Sherman & Reilly, therefore, objected to the dismissal to the extent it would "relieve Plymouth Foundry from having to respond to discovery." *Id.* It suggested that the Court endorse the motion, but issue an affirmative order clarifying that Plymouth Foundry remains subject to discovery, that the Court will retain jurisdiction over Plymouth Foundry for that purpose, and that the remaining parties may invoke evidentiary rules at trial as if Plymouth Foundry were still a party defendant. Plymouth Foundry responded by arguing that such an affirmative ruling is superfluous given the clear statutory requirements, and urging this Court simply to issue a dismissal with prejudice pursuant to 14 M.R.S.A. § 156, leaving for a later day whatever disputes may arise. (Docket # 25).

**II.    Discussion**

Plymouth Foundry is entitled to be dismissed with prejudice under 14 M.R.S.A. § 156(1)(Supp. 2004). The statute provides:

> The released defendant is entitled to be dismissed with prejudice from the case. The dismissal bars all related claims for contribution assertable by remaining parties against the released defendant.

14 M.R.S.A. § 156(1). This Court, therefore, dismisses Plaintiff Harris's Complaint and Sherman & Reilly's Crossclaim with prejudice against Defendant Plymouth Foundry.[1]

Regarding Plymouth Foundry's obligation to respond to discovery, the Maine statute provides:

> The trial court must preserve for the remaining parties a fair opportunity to adjudicate the liability of the released and dismissed defendant. Remaining parties may conduct discovery against a released and dismissed defendant and invoke evidentiary rules at trial as if the released and dismissed defendant were still a party.

14 M.R.S.A. § 156(2). By the language, "must preserve", the Maine Legislature mandates that this Court protect the rights of the remaining parties, including their discovery rights against the dismissed party. The language contemplates the creation of an odd animal: a party gone for liability purposes, but still here for discovery purposes.

This portion of the statute represents a compromise between the rights of the settling and non-settling parties.[2] Plymouth Foundry as the settling defendant has the right to be dismissed with prejudice and to avoid further liability as a consequence of its settlement. Sherman &

---

[1] As subsection two mandates, however, this dismissal shall not affect Sherman & Reilly's statutory right, if this matter proceeds to trial, to "adjudicate the liability" Plymouth Foundry. 14 M.R.S.A. § 156(2).

[2] *Austin v. Raymark Industries, Inc.,* 841 F.2d 1184, 1191 (1st Cir. 1988) described the classic set of benefits from a *Perringer* Release:
> The plaintiff gives up her cause of action against the settling defendants in return for a sure sum and the assurance that she will be able to maintain her action against parties not released; the settling defendant gives up the opportunity to establish its nonliability in return for the security of being completely removed from the action; and finally, the non-settling defendant obtains the assurance that its claims for contribution against the settling defendants will be determined at trial when the jury apportions liability among all the defendants.

See generally Arlyn H. Weeks, Article: The Unsettling Effect Of Maine Law On Settlement In Cases Involving Multiple Tortfeasors, 48 Me. L. Rev. 77 (1996).

Reilly and Alaskaug have countervailing rights to "a fair opportunity to adjudicate the liability of the released and dismissed defendant." § 156(2). To assure that "fair opportunity", the statute requires the dismissed defendant remain amenable to discovery. *Id.*[3]

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 20th day of September, 2005

---

[3] Defendants suggest this Court should now enter an order providing that the parties may "invoke evidentiary rules at trial as if the released and dismissed defendant were still a party". 14 M.R.S.A. § 156(2). That part of the statute, however, does not require judicial action now. It will be enforced, as its language contemplates, in the ordinary course "at trial." *Id.*